TIMOTHY A. BARNES

## UNITED STATES BANKRUPTCY COURT
NORTHERN **DISTRICT OF** ILLINOIS
CHICAGO **DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| DANZIG-NEGRILLO, SANDRA LEE | § | Case No. 12-13687 |
| | § | |
| Debtor(s) | § | |

### TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter 7 of the United States Bankruptcy Code was filed on 04/03/2012 .  The undersigned trustee was appointed on 04/03/2012 .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of          $          5,500.00

Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 40.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]          $ | 5,460.00 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was  09/13/2012  and the deadline for filing governmental claims was  09/13/2012 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,300.00 .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00  as interim compensation and now requests a sum of $ 0.00 , for a total compensation of $ 0.00 [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 06/10/2013                        By:/s/PHILIP V. MARTINO
                                               Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

Page:    1
Exhibit A

Ver. 17.024i

**0/1/2010**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No:    12-13687    TAB    Judge: TIMOTHY A. BARNES
Case Name:    DANZIG-NEGRILLO, SANDRA LEE

For Period Ending:  06/10/13

Trustee Name:    PHILIP V. MARTINO
Date Filed (f) or Converted (c):    04/03/12 (f)
341(a) Meeting Date:    06/07/12
Claims Bar Date:    09/13/12

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. GLENVIEW STATE BANK CHECKING ACCOUNT | 0.00 | 0.00 | | 0.00 | FA |
| 2. BANK OF AMERICA CHECKING ACCOUNT | 121.00 | 0.00 | | 0.00 | FA |
| 3. HOUSEHOLD GOODS; TV, VCR, STEREO, COUCH, UTENSILS, | 1,300.00 | 0.00 | | 0.00 | FA |
| 4. BOOKS, COMPACT DISCS, TAPES/RECORDS, FAMILY PICTUR | 75.00 | 0.00 | | 0.00 | FA |
| 5. NECESSARY WEARING APPAREL. | 100.00 | 0.00 | | 0.00 | FA |
| 6. EARRINGS, WATCH, COSTUME JEWELRY, RINGS | 150.00 | 0.00 | | 0.00 | FA |
| 7. WHOLE LIFE INSURANCE | 895.00 | 0.00 | | 0.00 | FA |
| 8. 2008 CHEVROLET EQUINOX WITH OVER 39,000 MILES | 9,923.00 | 0.00 | | 5,500.00 | FA |
| 9. TIMESHARE ORLANDO FLORIDA (SURRENDER) | 10,000.00 | 0.00 | | 0.00 | FA |
| TOTALS (Excluding Unknown Values) | $22,564.00 | $0.00 | | $5,500.00 | |

Gross Value of Remaining Assets
$0.00
(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 09/30/12    Current Projected Date of Final Report (TFR): 09/30/13

LFORMI    **UST Form 101-7-TFR (5/1/2011)** *(Page: 3)*

FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1
Exhibit B

Case No:       12-13687        TAB
Case Name:     DANZIG-NEGRILLO, SANDRA LEE
Taxpayer ID No: ********6550
For Period Ending: 06/10/13

Trustee Name:    PHILIP V. MARTINO
Bank Name:       Congressional Bank
Account Number / CD #:   ********7599  Congressional - Checking Account
Blanket Bond (per case limit):   $ 5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | 0.00 |
| 07/06/12 | ∞ | Sandra Lee Danzig-Negrillo | First payment | 400.00 | | 400.00 |
| 08/02/12 | ∞ | Sandra Danzig-Negrillo | Second payment | 400.00 | | 800.00 |
| 09/11/12 | ∞ | Sandra Lee Danzig-Negrillo | third payment | 400.00 | | 1,200.00 |
| 10/03/12 | ∞ | Sandra Danzig-Negrillo | Fourth Payment | 400.00 | | 1,600.00 |
| 11/06/12 | ∞ | Sandra Danzig-Negrillo | 5th Payment | 400.00 | | 2,000.00 |
| 12/12/12 | ∞ | Sandra Danzig-Negrillo | 6th payment | 400.00 | | 2,400.00 |
| 01/15/13 | ∞ | Sandra Danzig-Negrillo | 7th payment | 400.00 | | 2,800.00 |
| 02/11/13 | ∞ | Sandra Danzig-Negrillo | 8th Payment | 400.00 | | 3,200.00 |
| 03/08/13 | ∞ | Sandra Danzig-Negrillo | 9th payment | 500.00 | | 3,700.00 |
| 03/08/13 | | Congressional Bank | Bank Charges | | 10.00 | 3,690.00 |
| 04/09/13 | ∞ | Sandra Danzig-Negrillo | 10th payment | 300.00 | | 3,990.00 |
| 04/22/13 | | Congressional Bank | Bank Charges | | 10.00 | 3,980.00 |
| 05/09/13 | ∞ | Sandra Danzig-Negrillo | 11th Payment | 400.00 | | 4,380.00 |
| 05/09/13 | | Congressional Bank | Bank Charges | | 10.00 | 4,370.00 |
| 05/29/13 | ∞ | Sandra Danzig-Negrillo | | 775.00 | | 5,145.00 |
| 06/04/13 | | CONGRESSIONAL BANK | | | 10.00 | 5,135.00 |
| 06/06/13 | ∞ | Sandra Danzig-Negrillo | Bank Charges | 325.00 | | 5,460.00 |

| | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
|---|---|---|---|
| COLUMN TOTALS | 5,500.00 | 40.00 | 5,460.00 |
| Less: Bank Transfers/CDs | 0.00 | 0.00 | |
| Subtotal | 5,500.00 | 40.00 | 5,460.00 |
| Less: Payments to Debtors | | 0.00 | |
| Net | 5,500.00 | 40.00 | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| Congressional - Checking Account - ********7599 | 5,500.00 | 40.00 | 5,460.00 |
| Page Subtotals | 5,500.00 | 40.00 | 5,460.00 |

Page: 2

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No:        12-13687    TAB
Case Name:      DANZIG-NEGRILLO, SANDRA LEE

Taxpayer ID No:     *******6550
For Period Ending:  06/10/13

Trustee Name:           PHILIP V. MARTINO
Bank Name:              Congressional Bank
Account Number / CD #:  *******7599  Congressional - Checking Account

Blanket Bond (per case limit):  $ 5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | |
| | | | Page Subtotals | 0.00 | 0.00 | |

Total Funds
On Hand

0.00

**UST Form 101-7-TFR (5/1/2011)** *(Page: 5)*

LFORM2

Ver: 17.02d

| Page 1 | | EXHIBIT C | | | | | |
| | | ANALYSIS OF CLAIMS REGISTER | | | | Date: June 10, 2013 | |

Case Number:   12-13687  
Debtor Name:   DANZIG-NEGRILLO, SANDRA LEE

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001 3110-00 | Quarles & Brady LLP | Administrative | | $1,193.20 | $0.00 | $1,193.20 |
| 000001 070 7100-00 | Midland Funding LLC Assignee for GE Capital Retail Bank By its authorized agent Recoser, LLC 25 SE 2nd Ave, Suite 1120 Miami FL 33131-1605 | Unsecured | | $1,390.32 | $0.00 | $1,390.32 |
| 000002 070 7100-00 | Capital One Bank (USA), N.A. by American InfoSource LP as agent PO Box 248839 Oklahoma City, OK 73124-8839 | Unsecured | | $3,079.90 | $0.00 | $3,079.90 |
| | Case Totals: | | | $5,663.42 | $0.00 | $5,663.42 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-13687
Case Name: DANZIG-NEGRILLO, SANDRA LEE
Trustee Name: PHILIP V. MARTINO

Balance on hand                                        $        5,460.00

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Attorney for Trustee Fees: Quarles & Brady LLP | $        1,172.50 | $        0.00 | $        1,172.50 |
| Attorney for Trustee Expenses: Quarles & Brady LLP | $        20.70 | $        0.00 | $        20.70 |

Total to be paid for chapter 7 administrative expenses        $        1,193.20

Remaining Balance                                        $        4,266.80

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00  must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 4,470.22  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be  95.5  percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Midland Funding LLC Assignee for | $        1,390.32 | $        0.00 | $        1,327.05 |
| 000002 | Capital One Bank (USA), N.A. | $        3,079.90 | $        0.00 | $        2,939.75 |

Total to be paid to timely general unsecured creditors        $            4,266.80

Remaining Balance        $                 0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be  0.0  percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be  0.0  percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE